FRED O. WALKER, Executor,

*vs.*

GEORGE W. GODING AND ERNEST GODING, Appellants.

Oxford.    Opinion February 10, 1908.

*Appeal.    Recognizance.    Same must be Signed.    Same must be Returned to Appellate Court.    Dismissal of Appeal.*

1.  A recognizance on appeal is an official record, and to be effective must be signed by the magistrate.

2.  A recognizance taken by a magistrate or municipal court on appeal must be returned to the court to which the appeal is taken.    Without it the appellate court has no jurisdiction to proceed further, and the appeal may properly be dismissed, on motion.

3.  Reasons suggested why the appellee ought to be allowed to take advantage of the appellant's failure to have a recognizance on appeal returned and filed cannot be considered when based on allegations of facts not stated in the case.

On exceptions by defendants.    Overruled.

Action of replevin brought in the Rumford Falls Municipal Court in which the plaintiff recovered judgment.    The defendants then appealed to the March term, 1907, of the Supreme Judicial Court, Oxford County, and recognized with a surety to prosecute their appeal.    At said term of said Supreme Judicial Court the plaintiff filed a motion to dismiss the appeal "for the reason that the appeal is defective and void because no recognizance has been furnished and none sent up from the lower court, and the record does not show that recognizance was waived in said lower court.

The presiding Justice sustained the motion and dismissed the appeal, and the defendants excepted.

The case appears in the opinion.

*James B. Stevenson and Wright & Wheeler*, for plaintiff.

*John P. Swasey*, for defendants.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, CORNISH, KING, JJ.

SAVAGE, J.    This is an appeal from the Rumford Falls Municipal Court.    The record of the appeal shows that the defendants,

who were the appellants, recognized with a surety, to prosecute their appeal. They produced in the appellate court a copy of the record of appeal, and with it what purported to be an unsigned and uncertified copy of the recognizance, but neither the recognizance itself nor a certified copy of it was produced.

Thereupon the plaintiff filed a motion to dismiss the appeal for want of the record of recognizance. The motion was sustained by the presiding Justice, and to that ruling the defendants excepted.

We think the ruling was right. It has long been settled that a recognizance taken by a magistrate or municipal court on appeal must be returned to the court to which the appeal is taken. It is there entered of record, and becomes the basis of further proceedings thereon. Without it the appellate court has no jurisdiction to proceed further. *Libby* v. *Main*, 11 Maine, 344; *Stetson* v. *Corinna*, 44 Maine, 29. In such case, a motion to dismiss lies.

A recognizance is an official record and to be effective must be signed by the magistrate. An unsigned recognizance is not a recognizance. The paper filed in this case was not a recognizance, nor even the copy of one.

A failure to return the recognizance to the appellate court at the outset is not fatal, even after a motion to dismiss. Upon suggestion of a diminution of the record, the appellate court may, and unless good cause be shown to the contrary, will grant leave to supply the deficiency. *Stetson* v. *Corinna*, supra; *Ingalls* v. *Chase*, 68 Maine, 113; *Wright* v. *Blunt*, 74 Maine, 92. But in this case, the defendants, so far as the record shows, instead of asking leave to file the recognizance took issue on the motion to dismiss and were cast. Their counsel in his brief suggests reasons why the plaintiff ought not to be allowed to take advantage of their failure, and further that it might not be possible or practicable to obtain and file the recognizance, but these suggestions are based on allegations of facts not stated in the case and cannot be considered. Inasmuch as the recognizance was never returned to the appellate court, the appeal was properly dismissed.

*Exceptions overruled.*